AUSA:     Susan Fairchild          Telephone:  (313) 226-9577

Officer:          Saleem M. Rodney          Telephone:  (313) 697-8587

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the

## Eastern District of Michigan

United States of America

v.

Luis Alonso BARRERA DIAZ

Case: 2:26−mj−30465
Assigned To : Unassigned
Assign. Date : 8/5/2026
Description: CMP USA v Barrera Diaz
(SH)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ____August 3, 2026____ in the county of ____Wayne____ in the ____Eastern____ District of ____Michigan____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. 1326(a) | Unlawful Re-Entry Following Removal from the United States |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Saleem M. Rodney, US Customs and Border Protection Officer
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: ____August 4, 2026____

_____
*Judge's signature*

City and state:  ____Detroit, MI____

Honorable Anthony P. Patti, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Saleem M. Rodney, being duly deposed and sworn, state as follows:

1. I am an Admissibility Enforcement Officer with the United States Department of Homeland Security (DHS), Customs and Border Protection (CBP). I have been employed with the same for over four years. During my career as a law enforcement officer, I have investigated and inspected arriving and non-arriving aliens for violations related to Title 8 of the United States Code. I have received training in this area at the CBP Academy and post-academy training and field work as a CBP officer.

2. The information set forth below is for the limited purpose of establishing probable cause. Therefore, this affidavit does not necessarily contain all the information collected during my investigation.

3. The defendant, Luis Alonso BARRERA DIAZ, is a 50-year-old male citizen of Guatemala, who last entered the United States at or near an unknown place, on or about an unknown date, without being admitted, inspected or paroled into the United States by an immigration officer.

4. On August 3, 2026, BARRERA DIAZ was encountered by CBP at the Detroit Gordie Howe International Bridge after his wife and himself presented themselves for inspection. A CBP officer conducted the initial inspection. Through the initial inspection, it was determined that BARRERA DIAZ did not make entry into Canada and turned around on the bridge back towards the United States prior to reaching Canada Border Services Agency (CBSA). BARRERA DIAZ presented a Guatemala Consular Identification

Card and his wife, Maria Avila presented a Lawful Permanent Resident Card. BARRERA DIAZ did not appear to have a valid United States visa and could not articulate his immigration status in the United States. A CBP Officer referred the vehicle to secondary for further inspection.

5. Affiant was contacted and responded to the Gordie Howe International Bridge for a review of a possible violation of Title 8, United States Code, Section 1326(a), unlawful re-entry of a removed alien. Upon arriving at the Gordie Howe International Bridge, I was given a Guatemalan passport bearing the name Luis Alonso BARRERA DIAZ, with a nationality of Guatemala and a place of birth of Guatemala.

6. In the secondary inspection area, BARRERA DIAZ was fingerprinted and queried through the Automated Biometric Fingerprint Identification System (IDENT) and Integrated Automated Fingerprint Identification System (IAFIS). I reviewed the results of the query which resulted in positive matches to Fingerprint Identification Number (FIN) XXXXXX7098 and FBI number XXXXX8VD3.

7. I queried BARRERA DIAZ'S FIN: XXXXXX3162 in the Enforce Alien Removal Module (EARM), an immigration database maintained by DHS which contains information about aliens who are removed from the United States and found him to be a match to Alien file XXX XXX 003, with the immigration history noted below.

8. On or about June 25, 2013, BARRERA DIAZ was arrested by United States Border Patrol (USBP) near Hebbronville, Texas, after he had unlawfully entered the United States from Mexico. At that time, BARRERA DIAZ was not inspected or admitted by an

Immigration Officer at a port of entry as designated by the Secretary of Homeland Security. BARRERA DIAZ was processed for an Expedited Removal pursuant to section 212 (a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA), as amended.

9. On or about July 8, 2013, BARRERA DIAZ was removed from the United States to Guatemala on a flight from San Antonio, Texas.

10. I queried BARRERA DIAZ'S Alien file number: XXX XXX 003 through the Central Index System (CIS), which is a database used for storing and maintaining alien biographic, current, and historical immigration status information. This query returned with the name Luis BARRERA DIAZ.

11. I queried BARRERA DIAZ through the Person Centric Query System (PCQS) which is a Citizenship and Immigration Services database for immigration benefits and/or relief. Queries returned positive for an approved I-130, Petition for Alien Relative, application. The query was also positive for a pending I-601a, Provisional Unlawful Presence Waiver, application. Neither form gives BARRERA DIAZ legal status in the United States or allows BARRERA DIAZ to be legally present in the United States.

12. I queried BARRERA DIAZ through the Consular Consolidated Database (CCD), a database maintained by the Department of States which contains passport and visa applications and records. I found no record of BARRERA DIAZ ever lawfully arriving or being inspected, admitted, or paroled into the United States by a United States border official.

13. I queried BARRERA DIAZ through the Arrival and Departure Information System (ADIS) which is a U.S. Customs and Border Protection database that tracks the arrival and departure of

international travelers. I found no record of BARRERA DIAZ ever being lawfully admitted or paroled into the United States.

14. BARRERA DIAZ was arrested and detained by CBP on August 3, 2026, for administrative processing and reinstatement of his prior removal order.

15. I advised BARRERA DIAZ of his Miranda rights verbally and in writing with the assistance of a bilingual CBP Officer translating from English to Spanish and from Spanish back to English. BARRERA DIAZ acknowledged his rights and declined to answer questions.

16. The aforementioned arrest (or apprehension) (and subsequent detention) was an administrative, non-criminal action made pursuant to the authority found in sections 1357, 1225, 1226 and or 1231 of Title 8, United States code to arrest and detain any alien entering or attempting to enter the United States, or any alien present in the United States, who is reasonably believed to be in violation of any law or regulation regulating the admission, exclusion, expulsion, or removal of aliens.

17. Based on the foregoing, there is probable cause to believe that, on or about August 3, 2026, at or near Detroit, Michigan, in the Eastern District of Michigan, Southern Division, Luis Alonso BARRERA DIAZ, an alien from Guatemala, who had previously been denied admission, excluded, deported or removed from the United States on or about July 8, 2013, was found in the United States without the express consent of the Attorney General of the United States or the Secretary of Homeland Security to re-apply for admission thereto; in violation of Title 8, United States Code, Section 1326(a).

_____
Saleem M. Rodney
U.S. Customs and Border Protection
Officer


Sworn to before me and signed in my
presence and/or by reliable electronic
means.

_____
Honorable Anthony P. Patti
United States Magistrate Judge

August 4, 2026